IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ROY MILLER**,

    Plaintiff,

v.

**AMY TYLER LOUTHAN,**

    Defendant.

Civil No. 22-1538 (MAJ)

**REPORT AND RECOMMENDATION**

Roy Miller ("Miller") brought this diversity action against Amy Tyler Louthan ("Louthan"), alleging abuse of process, malicious prosecution and defamation. Docket No. ("Dkt.")18. Louthan moved to dismiss the action for failure to state a claim upon which relief could be granted, and argued the statute of limitations precludes Miller's claims. Dkts. 13; 19; 23. Miller opposed. Dkt. 29. Judge Antongiorgi-Jordan referred the motion to dismiss to me for report and recommendation. Docket No. 38.

For the reasons set forth below, I recommend the motion to dismiss be **GRANTED**.

**BACKGROUND[1]**

Miller and Louthan began dating each other in August 2010 and had son in July 2013, but never married. Dkt. 18 at 2. Their relationship ended on September 6, 2016. *Id.* That day, Louthan called police and filed a domestic violence claim. *Id.* at 5.

On September 7, 2016, Miller was admitted into the mental health ward at the Veterans Health Administration Hospital. *Id.* He was suffering from depression and PTSD. *Id.* That day, Louthan sought a restraining order against Miller stating that he was suicidal. Miller alleges Louthan falsely claimed in her restraining order application to fear physical injury to herself, harm

---

[1] For purposes of Louthan's Motion to Dismiss, the facts are taken from Plaintiff's Amended Complaint, Dkt. 18, and are presumed to be true.

to her property or pets, and injury to others. *Id.* at 14. Miller also alleges Louthan falsely claimed Miller had physically and emotionally injured her. *Id.* at 14.

On September 8, 2016, Louthan falsely stated that she was married to Miller to access Miller's Veterans Benefits Association account. *Id.* at 5. After September 10, Louthan contacted Miller's doctors and mental health team to discuss Miller's abusiveness. *Id.* at 6. On September 19, the court approved another restraining order against Miller.[2] *Id.*

In November 2016, Miller sought visitation rights with his son. *Id.* at 7. During this process, he went to the Puerto Rico Health Department to get a birth certificate for his son. However, there was no record of his son's birth as Louthan failed to register him. As a result, Miller was not granted any visitation rights. *Id.*

In April 2017, Miller told "law enforcement from all levels" Louthan was abusing animals in her home and the Department of Justice investigated the claim. *Id.* Miller was supposed to meet with a prosecutor regarding Louthan's animal abuse, but Florida police arrested him pursuant to Virginia warrant on April 20, 2017. Accordingly, he was not able to meet the prosecutor. *Id.*

On June 2, 2017, after Miller was extradited to Virginia, an inmate from Florida told an officer and two prosecutors that Miller solicited him to murder Louthan. *Id.* at 7-8. The U.S. Marshalls spoke with Louthan on June 4, 2017 and she falsely told them Miller constantly hit her and abused her physically and emotionally. *Id.* at 8. That day, Louthan also told a Miami Dade Police Department detective that Miller abused her daily physically and mentally. *Id.* She informed the detective that she had a restraining order against Miller because he had threatened to kill her and himself. *Id.*

On December 5, 2018, Louthan also falsely stated to the Veterans Administration Claims Intake Center that Miller was abusive, denied her sleep and created a level of fear in the household. *Id.* at 12. She said Miller befriended her employers, convinced them to terminate her employment, and turned her friends and acquaintances against her. Louthan also falsely said Miller would

---

[2] The case was dismissed in November 2016.

threaten to kill her and himself, and threatened to take their mutual son away from her if she "went against him." *Id.* at 13.

On December 8, 2017, Louthan falsely told the FBI the following: (1) Miller killed many people when he was in the military; (2) when he was deployed in Costa Rica, he killed women and children; (3) Miller often expressed suicidal thoughts, such as asking Louthan to kill him on multiple occasions; (4) the couple had numerous domestic disputes; (5) Miller was physically and psychologically abusive towards her; (6) Miller was constantly getting in trouble in Virginia; (7) Miller moved to Puerto Rico to avoid being arrested in the United States; and (8) Miller's ex-wife had told Louthan that Miller suffered from depression, often spoke about killing himself, and was physically abusive toward his ex-wife. *Id.* at 9-11.

Also on December 8, 2017, Louthan wrote to the FBI falsely stating: (1) Miller had been difficult and controlling; (2) Miller had become more verbally aggressive towards Louthan's oldest son and threatened to take her youngest son and the son they both had together; (3) Miller had blocked her from filing their son's birth certificate; (4) Miller threatened to commit suicide; and (5) Miller also threatened to kill Louthan and continuously harassed her with bogus complaints to the authorities. *Id.* at 12.

Nearly five years later, between November and December 2022, Louthan obtained another restraining order. However, after a hearing on the merits, the case was dismissed on January 24, 2023 because Louthan's claim lacked merit. *Id.* at 14.

On November 14, 2022, Miller filed this suit for abuse of process, malicious prosecution and defamation. Dkt. 1. Miller seeks for money damages, attorney's fees and expenses. Dkt. 18 at 17-18.

## STANDARD OF REVIEW

To survive a motion to dismiss at the pleading stage, "an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). In evaluating a motion to dismiss, the court first sorts out and discards any "'legal conclusions couched as fact' or 'threadbare recitals of the

elements of a cause of action.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (alteration marks omitted). The remaining "[n]on-conclusory factual allegations" are fully credited, "even if seemingly incredible." *Id.* Taken together, they must "state a plausible, not a merely conceivable, case for relief." *Id.* At the same time, courts must not "forecast a plaintiff's likelihood of success on the merits." *Id.*

If a court considers materials outside the pleadings, it must give notice to the parties and convert the motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d). But where allegations "are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings," and may be considered without triggering conversion. *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998). Moreover, if the court disregards the supplied materials, notice and conversion is not required. *Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 18 (1st Cir. 1992).

Additionally, a motion to dismiss under Rule 12(b)(6) premised on a statute of limitations affirmative defense may be appropriate if "the facts that establish the defense ... [are] definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice." *In re Colonial Mortgage Bankers Corp.,* 324 F.3d 12, 16 (1st Cir. 2003). Moreover, "the facts so gleaned must conclusively establish the affirmative defense." *Id.*

## ANALYSIS

Louthan moves to dismiss all claims arguing they are barred by the statute of limitations. She also contends Miller has failed to state a claim upon which relief can be granted. I will now discuss how each argument applies to each of Miller's claims.

### A. Abuse of Process

First, Louthan argues Miller's abuse of process claim is barred by the statute of limitations. Miller counters arguing his complaint is timely based on the continuing tort doctrine.

A tort action can be brought against "[a] person who by an act or omission causes damage to another through fault or negligence . . . ." 31 L.P.R.A § 5141.[3] Such claims have a one-year statute of limitation, running from "the time the aggrieved person had knowledge thereof." 31 L.P.R.A § 5298.

The statute of limitation can be tolled if there is a continuing tort or violation. A continuing tort occurs when there is a "continued, or uninterrupted, disturbance of unlawful acts or omissions which cause foreseeable lasting damages." *McMillan v. Rodriguez-Negrón*, 511 F. Supp. 3d 75, 83 (D.P.R. 2020) (citing *Rivera Ruiz v. Mun. de Ponce*, 196 P.R.D. 410, 417 (2016)). That is, because a tortfeasor's illegal acts are continuous, the cause of action continues to renew itself until the illegal conduct ceases. *Id.* However, a continuous tort should not be confused with the injury it creates. *Id.* What matters is the acts or omissions that produce the harm, not what injury was suffered. *Id.*

Miller argues Louthan's "lies and omissions to rectify such lies [continue] to provoke emotional damages against [him] and alienate him from his son (the parties' mutual son)." Dkt. 29 at 8. As mentioned above, "a continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Bonilla v. Trebol Motor Corp.*, 913 F. Supp. 655, 659 (D.P.R. 1995). As such, Miller must show that there have been continuous acts to proceed with his abuse of process claim.

"Abuse of process generally involves the misuse of discovery, subpoenas, attachment, and other procedures." *Dish Network LLC v. Llinas*, 310 F. Supp. 3d 310, 312 (D.P.R. 2018). That is, it "covers the allegedly improper use of individual legal procedures *after* a suit has been filed." *Simon v. Navon*, 71 F.3d 9, 15 (1st Cir. 1995). Here, it is unclear what the processes are. However,

---

[3] Puerto Rico amended its Civil Code in 2020. In this amendment, the general tort statute moved from Article 1802 to Article 1536. *See Quiles Quiles v. United States*, 2021 WL 5762950, at *1 (D.P.R. Dec. 3, 2021). Because all of the events in this case, except one, took place prior to the amendment, the applicable provisions are the prior version of the Civil Code. The one event in which Article 1536 applies is the 2022 restraining order. Either way, courts applying Article 1536 rely heavily on Article 1802 caselaw. *See Morales Diaz v. Roldan Concepcion*, 2023 WL 2351732, at *9 (D.P.R. Mar. 3, 2023).

to the extent that Miller takes issue with the 2016 restraining order, the 2017 Miami Dade Police interview, the 2017 FBI interview and the 2022 restraining order, each constitutes a separate act, and not a continuous act. Although Louthan gave essentially the same false information on each occasion, these are not continuous acts sufficient to toll the statute of limitations. Such tolling is appropriate, for example, when there is a public nuisance. *See e.g.*, *McMillan*, 511 F. Supp. 3d at 83 (stating ongoing injuries produced to worker's resulting from nearby factory's smokes and gases amounted to a continuous tort). Louthan's actions here are more akin to a chain of individual acts that occur within a finite timeframe. *See Rivera Rosario v. LSREF2 Islands Holdings, Ltd. Inc.*, 2018 WL 1725222, at *4 (D.P.R. March 30, 2018) (holding that defendant's various petitions for execution of judgment were individual acts that generate their own causes of action). Therefore, all acts committed prior to November 14, 2021, one year before the complaint was filed, are time barred.

      Having established the only act potentially within the statute of limitations is the November 2022 restraining order, I turn to Louthan's next argument, that Miller failed to raise a claim upon which relief could be granted. To establish an abuse of process claim, a plaintiff must show an ulterior motive and an act of abuse. *Simon*, 71 F.3d at 16. An ulterior motive "usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club." *Abreu-Guzman v. Ford*, 69 F. Supp. 2d. 274, 284 (D.P.R. 1999). As mentioned above, an abusive act may constitute the improper issuance of a subpoena or discovery request. However, "the filing of lawsuit is a regular use of process, and therefore, may not on its own fulfill the requirement of an abusive act, even if the decision to sue was influenced by a wrongful motive, purpose or intent." *Simon*, 71 F.3d at 16. Here, Miller only alleges Louthan sought a restraining order in November 2022. Other than this request, Miller does not set forth any additional facts that Louthan performed an abusive act. *See Dish Network, LLC v. Llinas*, 310 F. Supp. 3d 310, 312 (D.P.R. 2018) (dismissing abuse of process claim because the sole fact of filing a civil action is

not an abusive act). As such, I recommend Miller's abuse of process claim be **DISMISSED with prejudice**.

### B. Malicious Prosecution

As with the abuse of process claim, Louthan first argues Miller's malicious prosecution claim is barred by the statute of limitations. "[A] cause of action for malicious prosecution does not accrue until the termination of the criminal proceedings." *Nieves v. McSweeney*, 241 F.3d 46, 53 (1st Cir. 2001) (citing *Heck v. Humphrey*, 512 U.S. at 477 489 (1994)). Miller states he filed the present complaint within one year of the dismissal of the criminal case against him. That case, in which he was charged with asking a fellow inmate to murder Louthan, was dismissed on November 18, 2021. Dkt. 18 at 14. Miller's complaint was filed November 14, 2022. As such, Miller's malicious prosecution claim is within the statute of limitations.

Second, Louthan argues Miller has failed to state a claim upon which relief can be granted. A plaintiff alleging malicious prosecution must establish "(1) that a criminal action was initiated or instigated by the defendants; (2) that the criminal action was terminated in favor of plaintiff; (3) that the defendants acted with malice and without probable cause; and (4) that the plaintiff suffered damages." *Calderon-Lopez v. United States*, 337 F. Supp. 3d 99, 103 (D.P.R. 2018).

Here, Miller fails to present a claim of malicious prosecution because his allegation fails to satisfy the first and third elements of this test. First, his complaint alleges a Florida inmate told an officer and two prosecutors that Miller solicited him to murder Louthan. Dkt. 18 at 7-8. And though a Miami Dade Police officer followed up on this accusation with Louthan, "the mere fact of furnishing information to a peace officer – judge, district attorney or policeman – on certain fact [sic] does not constitute itself the instigation which is required as element of this action." *Raldiris v. Levitt & Sons of P.R.*, 3 P.R. Offic. Trans. 1087, 1092 (P.R. 1975). Therefore, Louthan did not instigate the criminal action. And even if Louthan's conversation with Miami police qualified as instigating the criminal action, Miller has pled no facts showing Louthan acted maliciously. As such, I recommend Miller's malicious prosecution claim be **DISMISSED with prejudice**.

### C. Defamation

Similarly, Louthan also argues Miller's defamation claim should be dismissed because it is barred by the statute of limitations, and Miller failed to state a claim upon which relief could be granted. Again, Miller argues the continuing tort doctrine applies to his defamation claim and that he plead enough facts to survive a motion to dismiss.

The Supreme Court of Puerto Rico has stated that "a cause of action for defamation accrues immediately upon the occurrence of the tortious act and thus, is not appropriate for the continuing violation exception." *Cacho Gonzalez v. Santarrosa*, 203 D.P.R. 215, 225 (P.R. 2019). There, the court explained that defamation differs from cases where the continuous tort doctrine is applied, *i.e.*, nuisance, domestic violence and hostile work environment, because each defamatory act ends the moment the defamatory content is published. *Id.* at 226 (certified translation of relevant excerpts attached). Because all the defamatory publications Miller cited in his complaint occurred prior to November 14, 2021, they are time-barred. As such, I recommend Miller's defamation claim be **DISMISSED with prejudice**.

### D.  Request to Amend Complaint

Miller also seeks permission to amend his complaint to "add facts of additional tortious acts that have resulted in abuse of process and malicious prosecution by the defendant that occurred after the original complaint was filed in this case." Dkt. 29 at 12. Louthan argues against allowing a second amendment to the complaint as it would cause undue prejudice, would delay the proceedings and would be futile. Dkt. 30 at 2. "The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

It is unclear why Miller would need to amend his complaint. As discussed, the incidents giving rise to his complaint do not amount to a viable abuse of process or malicious prosecution claim. And Miller here does not seek leave to amend to include additional facts that would change this outcome. Instead, he apparently wishes to amend his complaint to include entirely new incidents not at issue in this case. Had he pled a viable claim here, such an amendment might be warranted. However, because I recommend dismissing all of Miller's current claims with

prejudice, his request to amend the complaint to include entirely new incidents should be **DENIED**.

### E. Attorney's Fees

Finally, Louthan requests reimbursement of attorney's fees and costs associated with defending this action. Dkt. 30 at 4. However, Louthan did not adequately develop the argument, so I find the argument is waived. *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Assuming *arguendo* that the issue of attorney's fees was not waived, Louthan is not entitled to attorney's fees.

In cases arising under federal diversity jurisdiction, the applicable standard of law for the determination of attorney's fees is state law. *See Taber Partners I v. Ins. Co. of N. Am., Inc.,* 926 F. Supp. 36, 38 (D.P.R. 1996) (citing *Peckham v. Cont'l Cas. Ins. Co.,* 895 F.2d 830, 841 (1st Cir. 1990); *Navarro de Cosme v. Hosp. Pavia,* 922 F.2d 926, 934 (1st Cir.1991) and *Pan Am. World Airways, Inc. v. Ramos,* 357 F.2d 341, 342 (1st Cir. 1966)). Puerto Rico law instructs courts to impose payment of attorneys' fees against a party who has been obstinate. *See* 32A L.P.R.A. App V, § 44.1(d) ("Where a party or party's counsel has acted obstinately or frivolously, the court, in its judgment, shall impose on such person the payment of a sum in attorney's fees which the court may deem to correspond to such conduct.")

To determine whether a party was obstinate, a court must examine "whether a litigant was unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the Court and the other litigants unnecessary expense and delay." *De León López v. Corporación Insular de Seguros*, 931 F.2d 116, 126 (1st Cir. 1991). In this analysis, courts examine the following factors: "(1) the complexity of the issues, the clarity of the law and the disposition of the litgants-in short, the 'personality' of the case; (2) the delay and stubbornness in discovery, including a disregard for court orders; (3) temerity in settlement negotiations; and (4) novelty of the claim." *Rodríguez-Lopez v. Institución Perpetuo Socorro, Inc.*, 616 F. Supp. 2d 200, 203 (D.P.R. 2009). Louthan seeks attorney's fees and costs from Miller

because he filed a complaint and opposed a motion to dismiss. Such ordinary conduct is hardly beyond the acceptable demands of litigation. Therefore, Louthan's request for attorney's fees should be **DENIED**.

## CONCLUSION

For the foregoing reasons, I recommend that Louthan's motion to dismiss be **GRANTED**. I also recommend that Miller's request to amend the complaint be **DENIED** and that Louthan's request for attorney's fees and costs should be **DENIED**.

This report and recommendation is filed pursuant to 28 U.S.C. 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 15th day of November 2023.

S/ Bruce J. McGiverin
BRUCE J. MCGIVERIN
United States Magistrate Judge
