UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROY MILLER,

    *Plaintiff*,

v.

AMY TYLER LOUTHAN,

    *Defendant.*

Civ. No. 22-cv-01538 (MAJ)

## OPINION AND ORDER

### I.    Introduction

On November 14, 2022, Roy Miller ("Plaintiff") filed the instant action against Amy Tyler Louthan ("Defendant"). (**ECF No. 1**). He thereafter filed an Amended Complaint, in which he brings forth claims under Puerto Rico state law for defamation, abuse of process, and malicious prosecution.[1] (**ECF No. 18**). On March 8, 2023, Defendant filed a Motion to Dismiss the Amended Complaint in its entirety (the "Motion") (**ECF No. 19**), and on April 3, 2023, she filed a Supplement to that Motion (the "Supplement") (**ECF No. 23**). Defendant requests dismissal on various grounds as well as the reimbursement of costs and attorney's fees incurred in defending the present action. (**ECF No. 19 at 2**). On May 17, 2023, Plaintiff filed an Opposition to the Motion, in which he also requests leave to amend his already once amended Complaint. (**ECF No. 29 ¶¶ 8, 32, 41, 44**). Defendant filed a Reply opposing Plaintiff's request for leave to amend. (**ECF No. 30**).

---

[1] Under 28 U.S.C. § 1367(e) "the term 'State' includes … the Commonwealth of Puerto Rico" and will be referred to as such for the purposes of this Opinion and Order. 28 U.S.C. § 1367(e). *Pérez Arritola v. García Muñiz*, 22-cv-01507, 2023 U.S. Dist. LEXIS 52202, at *2 n.1, 2023 WL 2643483 (D.P.R. Mar. 27, 2023).

On July 7, 2023, the Court referred Plaintiff's Motion to Dismiss and the Supplement to Magistrate Judge Bruce J. McGiverin (the "Magistrate Judge") for Report and Recommendation ("R & R"). (**ECF No. 38**). On November 15, 2023, the Magistrate Judge filed an R & R recommending the Court grant Defendant's Motion to Dismiss in its entirety and dismiss Plaintiff's Complaint, as well as deny Defendant's request for attorney's fees and Plaintiff's request for leave to amend. (**ECF No. 42**). Both parties filed objections. (**ECF Nos. 43, 44**). The Court has yet to rule on the R & R as of this Opinion and Order.

Pending before the Court is Plaintiff's Motion Requesting Voluntary Dismissal Without Prejudice (the "Motion"). (**ECF No. 46**). Defendant filed a response opposing Plaintiff's request (**ECF No. 47**), to which Plaintiff replied (**ECF No. 48**). For the reasons stated hereafter, the Court **DENIES** Plaintiff's Motion requesting dismissal without prejudice, and instead **DISMISSES** the instant matter **with prejudice**.

## II. Applicable Law and Analysis

A plaintiff may move to voluntarily dismiss their action without prejudice under Fed. R. Civ. P. 41(a)(2). However, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *See* Fed. R. Civ. P. 41(a)(2). "[D]ismissal without prejudice is the norm, unless the court finds that the defendant will suffer legal prejudice." *Colón-Cabrera v. Esso Standard Oil Co. (Puerto Rico),* 723 F.3d 82, 87 (1st Cir. 2013) (internal citations and quotations omitted). "The court is responsible for ensuring that such prejudice will not occur." *Id.* (internal citations and quotations omitted).

The First Circuit has considered various factors to determine whether the defendant will suffer legal prejudice, including: "the defendant's effort and expense of

Case 3:22-cv-01538-MAJ-BJM   Document 53   Filed 01/16/24   Page 3 of 7

Civ. No. 22-01538 (MAJ)                                                                                        Page 3

preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation [of] the need to take a dismissal, and the fact that a motion for summary judgment has been filed." *Id.* at 88 (internal citations and quotations omitted). It is also "appropriate to consider whether a party proposes to dismiss the case at a late stage of pretrial proceedings or seeks to avoid an imminent adverse ruling." *Id.* (internal citations and quotations omitted).

Notably, "courts need not analyze each factor or limit their consideration to these factors." *Mateo v. Empire Gas Co.,* 287 F.R.D. 124, 127 (D.P.R. 2012) (quoting *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000)). They are "simply a guide for the trial judge, in whom the discretion ultimately rests." *Id.* (citing *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980)).

In the case at bar, the Court denies Plaintiff's request to dismiss without prejudice, and instead dismisses the instant matter with prejudice. Plaintiff's request for voluntary dismissal without prejudice consists of a few sentences and does not mention any of the factors outlined by the First Circuit. *Ortiz v. Jiménez-Sánchez*, 98 F. Supp. 3d 357, 367 (D.P.R. 2015) (noting same). Nevertheless, the Court's own evaluation of the relevant factors compels a finding that dismissal without prejudice would cause Defendant legal prejudice.

However, the Court feels compelled to first point out the *timing* of Plaintiff's motion. Plaintiff filed the instant motion after the Magistrate Judge issued his R & R recommending the Court dismiss Plaintiff's case in its entirety with prejudice. Given the Court's pending decision on the R & R, and the potential for a decisive blow to Plaintiff's case, "common sense suggests that plaintiff moved for voluntary dismissal to avoid an imminent adverse ruling." *Id.* (internal citations and quotations omitted). The law,

however, is clear that Plaintiff may not use Fed. R. Civ. P. 41(a)(2) to avoid a potentially adverse outcome. *See Colón-Cabrera*, 723 F.3d at 88 ("It is appropriate to consider whether a party proposes to dismiss the case at a late stage of pretrial proceedings or seeks to avoid an imminent adverse ruling." (internal citations omitted)); *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010) ("Typical examples of such prejudice occur when a party proposes to dismiss the case . . . to avoid an imminent adverse ruling . . ..");  *Ortiz*, 98 F. Supp. 3d at 367 ("[C]ommon sense suggests that the plaintiff moved for voluntary dismissal to avoid an imminent adverse ruling.") (internal citations and quotations omitted); *Leeway Properties, Inc. v. Jonesfilm*, 11-cv-2628, 2012 WL 4471848, at *3 (E.D. La. Sept. 27, 2012) ("[The plaintiff] has given no explanation as to why it desires voluntary dismissal of this action, but the law is clear that [the plaintiff] cannot use this procedural vehicle simply to avoid a potentially adverse ruling from [the defendant's] pending Motion for Summary Judgment.").

The United States Courts of Appeals for the Fifth and Ninth Circuit held similarly when a request for voluntary dismissal was made in the wake of an adverse R & R from a Magistrate Judge. *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) ("Moreover, they filed their motion after the magistrate had considered the case and issued a comprehensive recommendation that was adverse to their position."); *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988) ("Moreover, since the magistrate had already issued his report and recommendation when the motion was filed, the district court's refusal to use its discretion to dismiss the petition under Fed. R. Civ. P. 41(a)(2) is reasonable."). Accordingly, Plaintiff cannot be permitted to avoid a potentially adverse ruling, thus subjecting Defendant to legal prejudice. *See Colón-Cabrera*, at 88 ("It is appropriate to consider whether a party proposes to dismiss the case

at a late stage of pretrial proceedings or seeks to avoid an imminent adverse ruling.") (Internal citations omitted); *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 628 F.3d at 162 ("Typical examples of such prejudice occur when a party proposes to dismiss the case . . . to avoid an imminent adverse ruling . . .."). An evaluation of the relevant factors yields the same result.

Beginning with the first factor laid out by the First Circuit, "the defendant's resulting costs are appropriate [] to consider under Rule 41(a)(2)." *Colón-Cabrera*, at 89; *Barnes-De-Latexera v. San Jorge Children's Hosp.*, 62 F. Supp. 3d 212, 216 (D.P.R. 2014) (citing same). The instant matter has been litigated for over one year. Defendant has filed two motions to dismiss, an answer, attended a status conference, and objected to the pending R & R. The parties have also engaged in discovery, including taking of depositions. Though the discovery deadline has been extended, this was due to a dispute between the parties that caused Defendant to file a motion to compel, which the Court ultimately granted. *See Mateo*, 287 F.R.D. at 128 (finding the defendant's expenses up to the plaintiff's request to withdraw weighed against dismissal without prejudice when the parties had actively litigated for over a year, even though discovery had not yet concluded). Accordingly, this factor cuts against dismissal without prejudice.

The second and fourth factors favor dismissal without prejudice, as apart from the single discovery dispute, Plaintiff has litigated this case diligently, and there is no motion for summary judgment pending. However, the third factor—Plaintiff's explanation in support of his request—falls short.

To begin, Plaintiff did not explain why he seeks a dismissal without prejudice until his Reply to Defendant's Response. (**ECF No. 48**). There, he contends for the first time that he does not have the financial means to adequately litigate the present case due to

the substantial amount of money he has had to spend as a result of Defendant's "lies" in both this and two other cases between the parties. (**ECF No. 48 ¶ 5**). However, Plaintiff, who initiated this action in federal court of his own volition, "must be prepared to undergo the costs, psychological, *economic* and otherwise, that litigation entails." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, at 163 (emphasis added). This district has noted similarly in *Carrión-Ramos v. Nestlé De Puerto Rico, Inc.*, where the Court held that the plaintiff's "lack of economic capacity to retain another expert is no valid excuse [for dismissal without prejudice] either." 14-cv-1137, 2015 WL 9239775, at *3 (D.P.R. Dec. 17, 2015) (citing *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, at 163).

Though this district has found lack of financial resources to be a sufficient explanation for dismissal without prejudice in two cases, they are inapposite to the instant matter. *See Pagán-García v. Rodríguez,* 14-cv-1385, 2017 WL 377911, at *1 (D.P.R. Jan. 26, 2017); *Sánchez-Velázquez v. Municipality of Carolina*, 11-cv-1586, 2012 WL 5471127, at *3 (D.P.R. Nov. 9, 2012). In *Pagán-García v. Rodríguez*, the plaintiff stated that the defendant corporation's supplementation to their initial disclosures increased the costs of litigation and extended discovery such that they could no longer afford to litigate. 2017 WL 377911, at *1. The Court found this justification sufficient, as the litigation costs disproportionately affected the private citizen plaintiff compared to the defendant corporation. *Id*. at 3.

In *Sánchez-Velázquez*, the plaintiff argued that a dismissal without prejudice would allow her to "make the case simpler by reducing the number of defendants' counsels by two, thus reducing scheduling conflicts, and by eliminating the need to raise the qualified immunity defense." 2012 WL 5471127, at *3. The Court found this reason satisfactory, noting that given it was a "very fact-sensitive and complicated case," the

plaintiff's proposed course of action would simplify the issues and reduce the cost of litigation. *Id*. Neither of these scenarios are present here. Accordingly, this factor cuts against dismissal without prejudice.

In sum, while "[t]he mere prospect of a subsequent lawsuit does not constitute [] prejudice," the First Circuit has indicated a Court should consider whether a party is seeking to avoid an imminent adverse ruling. *Colón-Cabrera*, at 87 (internal citations and quotations omitted). As mentioned, common sense would dictate that is exactly what Plaintiff is trying to do. This, when paired with an evaluation of the aforementioned factors, does not favor dismissal without prejudice. Accordingly, the Court will dismiss Plaintiff's Complaint with prejudice.

However, where a dismissal without prejudice is denied, and instead a dismissal with prejudice is entered, a court should give a plaintiff time to withdraw their motion and proceed with the case. *De Fontanez v. Jefferson Pilot Life Ins. Co.*, 36 F.3d 1089 (1st Cir. 1994); *Barnes-De-Latexera*, 62 F. Supp. 3d at 218 (citing same). Accordingly, the Court will delay the entry of judgment for five days, that is, until January 22, 2024, within which Plaintiff may withdraw his Rule 41(a)(2) motion and proceed with this action.

### III. Conclusion

For the reasons stated above, Plaintiff's motion is **DENIED**. (**ECF No. 46**).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of January 2024.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDÁN**
**UNITED STATES DISTRICT JUDGE**