# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| **ROY MILLER,** | |
| *Plaintiff,* | |
| **v.** | Civ. No. 22-01538 (MAJ) |
| **AMY TYLER LOUTHAN,** | |
| *Defendant.* | |

## OPINION AND ORDER

### I.        Introduction

On November 14, 2022, Roy Miller ("Plaintiff") filed the instant action against Amy Tyler Louthan ("Defendant"). (**ECF No. 1**). Plaintiff thereafter filed an Amended Complaint, in which he brings forth claims under Puerto Rico state law for defamation, abuse of process, and malicious prosecution.[1] (**ECF No. 18**). On March 8, 2023, Defendant filed a Motion to Dismiss the Complaint (the "Motion") (**ECF No. 19**), and on April 3, 2023, she filed a Supplement to that Motion (**ECF No. 23**). Defendant maintains Plaintiff's claims are all time-barred, and that his claim for malicious prosecution also fails to state a claim. *Id*. at 1 ¶ 4. Defendant also requests reimbursement of the costs and attorney's fees she has incurred in defending the present claim. *Id*. at 9 ¶ 32. On May 17, 2023, Plaintiff filed an Opposition to the Motion (the "Opposition"), in which he also requests leave to amend his Complaint. (**ECF No. 29 at 12 ¶¶ 41, 42; 13**). Defendant filed a Reply opposing Plaintiff's request for leave to amend. (**ECF No. 30**).

---

[1]        Under 28 U.S.C. § 1367(e) "the term 'State' includes ... the Commonwealth of Puerto Rico" and will be referred to as such for the purposes of this Opinion and Order. 28 U.S.C. § 1367(e). *Pérez-Arritola v. García-Muñiz*, 22-cv-01507, 2023 U.S. Dist. LEXIS 52202, at *2 n.1, 2023 WL 2643483 (D.P.R. Mar. 27, 2023).

On July 7, 2023, the Court referred the Motion to Dismiss and Supplement to that Motion to Magistrate Judge Bruce J. McGiverin for report and recommendation. (**ECF No. 38**). Pending before the Court is the Magistrate Judge's Report and Recommendation, where he recommends the Court grant Defendant's Motion in its entirety, but deny her request for attorney's fees, and deny Plaintiff's request to amend his Complaint. (**ECF No. 42**). Both parties have objected. (**ECF Nos. 43, 44**). For the reasons stated hereafter, the Court hereby **ADOPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report and Recommendation. (**ECF No. 42**). Defendant's Motion to Dismiss is thus **GRANTED IN PART** and **DENIED IN PART**, Defendant's request for attorney's fees is **DENIED WITHOUT PREJUDICE**, and Plaintiff's request to amend his Complaint is **DENIED. (ECF Nos. 19, 23, 29**).

## II. Factual Background[2]

Plaintiff is a citizen of Iowa and Defendant is a citizen of Puerto Rico. (**ECF No. 18 at 1 ¶ 5**). The two share a son and were in a relationship from August 2010 until September 6, 2016, when Defendant reportedly made a false domestic violence claim against Plaintiff. (**ECF No. 18 at 2 ¶ 10; 5 ¶ 31**). The party's relationship deteriorated quickly thereafter.

### i. 2016 Restraining Orders

Plaintiff alleges that on September 7, 2017, the day after the false domestic violence claim, Defendant filed a petition for a restraining order, alleging that Plaintiff was suicidal. *Id.* at 5 ¶ 32. In the petition, Defendant allegedly indicated that she feared

---

[2]       Given that we are the pleadings stage, the Court recites the facts as they are alleged in the Amended Complaint. *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48-49 (1st Cir. 2009). The Court will omit those facts not pertinent to the instant Motion.

Plaintiff would physically harm her, their property or pets, and others. *Id*. at 14 ¶ 52. She also allegedly falsely claimed he had physically and emotionally injured her. *Id*. As a result, he alleges he was admitted to the Veterans Health Administration Hospital suffering from depression and PTSD, where he remained for eight days. *Id*. at 5 ¶ 33.

On September 19, 2016, Plaintiff alleges he was served with another temporary restraining order which he alleges contained more false claims made by Defendant. *Id*. at 6 ¶ 36. It was allegedly dismissed once heard in court in November 2016. *Id*.

### ii.  **2017 Miami Dade Police Interview**

On April 20, 2017, Florida authorities arrested Plaintiff due to a Virginia warrant for an unrelated criminal matter *Id*. at 7 ¶¶ 40-41. Post-extradition to Virginia, Plaintiff claims a Florida inmate falsely reported to law enforcement that Plaintiff had hired the inmate to murder Defendant. *Id*. at 7 ¶¶ 43-44. Adding to this, Plaintiff accuses Defendant of falsely backing up these claims. *Id*. at 8 ¶ 44. On June 4, 2017, during a conversation with U.S. Marshals, Defendant allegedly confirmed the inmate's story and further falsely accused Plaintiff of daily physical and emotional abuse. *Id*. at 8 ¶ 45. Moreover, in an interview with Miami-Dade Police, Defendant reportedly claimed Plaintiff had threatened to kill her and himself, also asserting she had a restraining order against him. *Id*. ¶ 46.

### iii.  **2017 FBI Interview**

Thereafter, Defendant was interviewed by the FBI, during which she allegedly falsely reported the following—among other allegations—to interviewers: Plaintiff often expressed suicidal thoughts, even asking Defendant to kill him on multiple occasions; the parties had numerous domestic disputes; Plaintiff was physically and psychologically abusive towards her; he was constantly getting into trouble in Virginia; he moved to Puerto Rico to avoid being arrested in the United States; and that Plaintiff's ex-spouse

told her that he suffered from depression, often spoke about killing himself, and was physically abusive towards her. *Id.* at 9 ¶ 47.

### iv. 2022 Restraining Order

Thereafter, Plaintiff alleges Defendant filed yet another restraining order against him between November 2022 and December 2022, which was ultimately dismissed in January of 2023. *Id.* at 14 ¶ 51.

At bottom, Plaintiff alleges that since September 6, 2016, Defendant has "continuously lied to mutual acquaintances and many third parties by stating that [Plaintiff] physically and emotionally abused her and her children." *Id.* at 13 ¶ 50. The result of which, Plaintiff alleges he has suffered emotional damages in the amount of $14,100,000. *Id.* at 15 ¶ 57; 18 ¶ 1. He also requests attorney's fees. *Id.* at 18 ¶ 2.

### III. Legal Standard

### A.      Report and Recommendation Standard

The district court may refer dispositive motions to a United States Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B). "In conducting its review, the Court is free to 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.'" *Martínez-Rodríguez v. Guevara*, 03-cv-1794, 2007 WL 9758372, at *1 (D.P.R. Aug. 20, 2007) (quoting 28 U.S.C. § 636(a)(b)(1)). *See also Templeman v. Cris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985) (having referred a question of applicable substantive law to a magistrate judge then adopting the magistrate judge's report and recommendation); *Álamo Rodríguez v. Pfizer Pharmaceuticals, Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003) ("The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation." (citations omitted)).

Parties may file written objections to the report and recommendation within fourteen days after being served with the same. 28 U.S.C. § 636(b)(1). A party filing a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *U.S. v. Báez-Berríos*, 07-cv-0121, 2008 WL 11306537, at *1 (D.P.R. May 6, 2008) (quoting *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005)). Failure to comply with this rule may preclude further review by the district court and the court of appeals. *Total Petroleum Puerto Rico Corp. v. Quintana*, 16-cv-2979, 2017 WL 3189867, at *1 (D.P.R. July 27, 2017) (quoting *Davet v. Maccarone*, 973 F.2d 22, 30-31 (1st Cir. 1992) (citing *Ramírez-Burgos v. United States*, 990 F. Supp. 2d 108, 114 (D.P.R. 2013)).

### B.      Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), federal courts use a two-step method based on the plausible, not just possible standard set forth in *Twombly* and *Iqbal*. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under this approach, a court must first "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Committee*, 669 F.3d 50, 55 (2012). A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A court need not "credit conclusory legal allegations [or] factual allegations that are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture." *Douglas v. Hirshon*, 63 F.4th 49, 55 (1st Cir. 2023).

Second, the court must then "take the complaint's well-[pleaded] (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Schatz*, 669 F.3d 50, 55 (first citing *Ocasio-Hernández*, at 12; and then citing *S.E.C. v. Tambone*, 597 F.3d 436, 441–42 (1st Cir. 2010)). "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a 'context-specific' job that compels [the court] 'to draw on' its 'judicial experience and common sense.'" *Id.* (citing *Iqbal*, at 678-79). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Twombly*, 550 U.S. at 545, 556.

The First Circuit Court of Appeals, in *Ocasio-Hernández* held that a "'complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.'" *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 14-15 (1st Cir. 2011) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)). The First Circuit, explained that the "make-or-break standard" for determining whether a complaint states a claim is whether "the combined allegations, taken as true . . . state a plausible, not merely conceivable, case for relief." *Ocasio-Hernández*, 640 F.3d at 12. (internal quotations omitted). *Ocasio-Hernández* makes it clear that plaintiffs are not required to allege every single fact that supports their claim in their complaint. *Id.* at 13. "In short, an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." *Id.* at 12.

A complaint that rests on "'bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like'" will likely not survive a motion to dismiss. *Niagara Bottling, LLC v. CC1 LP*, 381 F. Supp. 3d 175, 181 (D.P.R. 2019) (quoting *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996)). Similarly, unadorned factual assertions as to

the elements of the cause of action are inadequate as well. *Peñalbert-Rosa v. Fortuño-Burset,* 631 F.3d 592, 595 (1st Cir. 2011). "[P]ure speculation is not" given credit at the motion to dismiss phase. *Id.* at 596; *see Méndez Internet Mgmt. Servs. v. Banco Santander de P.R.,* 621 F.3d 10, 14 (1st Cir. 2010) (*Twombly* and *Iqbal* standards require district courts to "screen[] out rhetoric masquerading as litigation.").

"[T]he test is somewhat different for 12(b)(6) motions based on a statute of limitations defense. The Court may grant a motion to dismiss on a limitations defense only if the facts, so derived and viewed in the requisite perspective, leave no doubt that an asserted claim is time-barred." *López-Rivera v. Hosp. Auxilio Mutuo, In*c., 290 F. Supp. 3d 137, 141 (D.P.R. 2017) (citing *Warren Freedenfeld Assocs., Inc. v. McTigue*, 531 F.3d 38, 44 (1st Cir. 2008)) (internal quotations omitted).

## IV.      Analysis

The Magistrate Judge recommended that Defendant's Motion to Dismiss be granted, that Defendant's request for attorney's fees be denied, and that Plaintiff's request to amend his Amended Complaint be denied as well. (**ECF No. 42**). Both parties filed objections. (**ECF Nos. 43, 44**).

### A. Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's recommendation to dismiss all three of his causes of action, as well as his recommendation to deny him leave to amend. (**ECF No. 44 at 1 ¶¶ 1-2**). Each objection will be addressed in turn.

#### i.     Abuse of Process

Turning to Plaintiff's first objection, the Magistrate Judge recommended that to the extent Plaintiff's abuse of process claims are based on the alleged 2016 restraining orders, the 2017 Miami Dade Police interview, the 2017 FBI interview, and the 2022

restraining order, all four claims should be dismissed. (**ECF No. 42 at 4-7**). To elaborate, the Magistrate Judge concluded that any abuse of process claim arising from the 2016 restraining orders, the 2017 Miami Dade police interview, and the 2017 FBI interview were time-barred, and the 2022 restraining order does not satisfy the requisite pleading standards to survive the instant motion. *Id*. at 6. Plaintiff objects to this recommendation, arguing that all four of his abuse of process claims fall within the applicable statute of limitations because "he was not in a position to vindicate his rights until his criminal complaint had been dismissed, mainly due to the fact he had to be in Miami to defend himself," and the Magistrate Judge erred in finding that the 2022 restraining order was not sufficiently pled as an abuse of process claim. (**ECF No. 44 at 1 ¶ 3; 2 ¶¶ 5, 8**). The Court disagrees.

       To prevail on an abuse of process claim under Puerto Rico law, a plaintiff must establish two elements: "(1) that the defendant possessed a bad motive, and (2) employed the legal process for an improper, collateral objective." *Dish Network LLC v. Llinás*, 310 F. Supp. 3d 310, 312 (D.P.R. 2018) (citing *González-Rucci v.* U.S. I.N.S., 539 F.3d 66 (1st Cir. 2008). "Abuse of process generally involves the misuse of discovery, subpoenas, attachment, and other procedures." *Id*. citing *Nogueras-Cartagena v. United States*, 172 F.Supp.2d 296, 316 (D.P.R. 2001) ("[M]alicious prosecution is used to challenge the whole of a lawsuit while abuse of process covers the allegedly improper use of legal procedures after a suit has been filed properly."). Importantly, abuse of process claims are subject to a one-year statute of limitations under Puerto Rico's negligence statute. *Rivera-Rosario v. LSREF2 Island Holdings, Ltd. Inc.*, 17-cv-1918, 2018 WL 1725222, at *4 (D.P.R. Mar. 30, 2018). This statute of limitations "begins to run when the injured party knew or should have known of the injury and the likely identity of the tortfeasor."

*Gen. Motors Corp. v. Alberic Colón Auto Sales, Inc.*, 05-cv-1001, 2007 WL 9760471, at *2 (D.P.R. Apr. 23, 2007), *on reconsideration in part*, 05-cv-1001, 2007 WL 1557102 (D.P.R. May 29, 2007).

Plaintiff fails to plead any facts suggesting he was unaware of the aforementioned actions beyond the date that they occurred or that he was unaware Defendant was behind them. Accordingly, the Court can only conclude that claims arising from the 2016 restraining orders, 2017 Miami Dade Police interview, and 2017 FBI interview began to run the date that they occurred—which is more than one year before the filing of the initial complaint—and are thus time-barred.

To the extent Plaintiff argues his abuse of process claims were not actionable until the criminal proceeding against him was dismissed, this argument is misguided. Unlike malicious prosecution claims, which require that the underlying action have terminated in the plaintiff's favor, abuse of process claims require no such thing. *Gen. Motors Corp.,* 2007 WL 1557102, at *1 (citing *González-Rucci v. U.S. I.N.S.*, 405 F.3d 45, 49 (1st Cir. 2005) (stating that the two basic elements of an abuse of process claim under Puerto Rico law are a bad motive and use of the legal process for an improper, collateral objective)). Therefore, the Court cannot conclude that the limitations period on Plaintiff's abuse of process claims were tolled because the underlying criminal action was ongoing. *Id*. Nor does Plaintiff cite to any authority suggesting as much. And to the extent he argues the claims should have been tolled "due to the fact that he had to be in Miami to defend himself," Plaintiff cites to no authority suggesting logistical hurdles may toll applicable statutes of limitations. Accordingly, the Court agrees with the Magistrate Judge's finding that any abuse of process claims based on the 2016 restraining orders, the 2017 Miami

Dade Police interview, and the 2017 FBI interview are not within the applicable statute of limitations and are thus time-barred.

With regards to the 2022 restraining order, Defendants correctly point out in their Supplement to the Motion to Dismiss that this allegation occurred after the filing of the initial complaint. Thus, Defendant argues that Plaintiff's allegation does not qualify as something he could have added "as a matter of course" to the operative Amended Complaint under Federal Rule of Civil Procedure 15(a). Instead, Defendant contends Plaintiff should have sought leave of the Court under Federal Rule of Civil Procedure 15(d) to include it in his Amended Complaint. The Court agrees.

Rule 15(a) "allows the plaintiff to clarify the legal grounds or factual allegations presented in the complaint so as to conform with the requirements of a valid legal cause of action . . . ." *Quiñones-Pimentel v. Cannon*, 20-01443, 2021 WL 4056305, at *3 (D.P.R. Jan. 22, 2021). On the other hand, supplemental pleadings under Rule 15(d) "permits a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." *U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 4 (1st Cir. 2015) (emphasis added). Importantly, Rule 15(d) states "*[o]n motion* and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading . . ." (emphasis added).

Plaintiff did not request leave of the Court to add the 2022 restraining order—which occurred after the filing of the initial Complaint—to his Amended Complaint. Plaintiff acknowledges as much in his Opposition to the Motion to Dismiss. (**ECF No. 29 at 12 ¶ 42**). However, he requests that this fact be included "retroactively" into the Amended Complaint. *Id*. Although Plaintiff failed to seek leave of the Court to supplement under Rule 15(d), in the interest of judicial economy and the Court's inherent authority

to manage its own docket, the Court will allow the inclusion and address whether the 2022 restraining order plausibly serves as the basis of an abuse of process claim. *Miranda-López v. Figueroa-Sancha*, 943 F. Supp. 2d 276, 278 (D.P.R. 2013) ("District court judges inherently hold the authority to regulate their dockets . . ..").

In recommending the Court dismiss Plaintiff's claim for abuse of process arising from the 2022 restraining order, the Magistrate Judge points out that "the filing of a lawsuit is a regular use of process, and therefore, may not on its own fulfill the requirement of an abusive act, even if the decision to sue was influenced by a wrongful motive, purpose or intent." (**ECF No. 42 at 6**) (quoting *Simon v. Navo*n, 71 F.3d 9, 16 (1st Cir. 1995)). Therefore, because Plaintiff only alleges that Defendant sought a restraining order in November 2022, he fails to properly allege an abuse of process claim. *Id*. at 6-7. Plaintiff objects, stating that Defendant's "malicious motives to alienate [Plaintiff] from his son are expressly stated within the [A]mended [C]omplaint." (**ECF No. 44 at 2 ¶ 8**). However, Plaintiff's argument misses the mark.

Regardless of Defendant's intent in filing the petition for restraining order, Plaintiff has not plead any facts showing that any procedural component of the restraining order action was abused. As mentioned, malicious prosecution claims "are generally directed to a legal action as a whole" while abuse of process claims "typically cover [] challenges to the legal action's procedural components." *González-Rucci v. U.S. I.N.S.*, 539 F.3d 66, 71 (1st Cir. 2008) (citing *Nogueras-Cartagena v. United States*, 172 F. Supp. 2d 296, 316 (D.P.R. 2001), *aff'd sub nom. Nogueras-Cartagena v. U.S. Dep't of Just.*, 75 F. App'x 795 (1st Cir. 2003)). These procedural components typically are subpoenas or discovery mechanisms. *Id*. Therefore, bearing in mind that the restraining order action cannot in and of itself constitute an abuse of process claim, without allegations as to any

procedural component of said action being abused, Plaintiff's claim fails. Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation as to Plaintiff's abuse of process claims and **DISMISSES** them **WITH PREJUDICE**.[3]

### ii.   Defamation

Turning to Plaintiff's defamation claims, the Magistrate Judge recommended that they be dismissed because they do not fall within the purview of the continuous tort doctrine and are thus time-barred. (**ECF No. 42 at 8**). Plaintiff does not object to the finding that his defamation claims do not constitute continuous torts. (**ECF No. 44 at 2 ¶ 9**). As such, he concedes that the defamatory statements he cited in his Amended Complaint that occurred prior to November 14, 2021, are time-barred.[4]

However, Plaintiff contends in his objection that not all of the statements alleged in the Amended Complaint are time-barred, because "[t]here is no doubt that defamatory statements made within a year of filing both the original and amended complaint are within the statute of limitations." *Id.* ¶ 10. He further states that "[t]he Amended

---

[3]       With regards to the 2022 restraining order specifically, Defendant contends—based on the assumption that the Court will dismiss the rest of Plaintiff's Complaint—that subject matter jurisdiction does not exist because the amount in controversy is not met for any claim arising out of the 2022 restraining order alone. (**ECF No. 23 at 7 ¶ 23**). This argument is misguided.

         "The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Newman-Green, Inc. v. Alfonzo-Larraín*, 490 U.S. 826, 830 (1989). "It makes sense to focus on the claims set out in the complaint, instead of the plaintiff's actual recovery; [o]therwise every diversity case that a plaintiff lost on the merits would be dismissed for lack of federal jurisdiction, allowing the plaintiff to start over in state court." *Bronner on Behalf of Am. Stud. Ass'n v. Duggan*, 962 F.3d 596, 603 (D.C. Cir. 2020) (internal citations and quotations omitted). Moreover, "[a]s a general principle, a plaintiff may aggregate multiple claims against a single defendant to satisfy the jurisdictional amount requirement." *McIntosh v. Gilley*, 753 F. Supp. 2d 46, 61 (D.D.C. 2010) (citing *Snyder v. Harris*, 394 U.S. 332, 335 (1969).

         Defendant cannot—in making a lack of subject matter jurisdiction argument—separate the claims, when in the aggregate, Plaintiff has alleged they meet the requisite amount in controversy. Nor can Defendant concede subject matter jurisdiction exists in arguing certain claims should be dismissed but dispute it with regards to whichever claims remain. Because the Court finds that—at the time the Complaint was filed—both parties were diverse and the amount in controversy was met for purposes of 28 U.S.C. § 1332, the Court has subject matter jurisdiction over the instant matter, which includes claims arising from the 2022 restraining order.

[4]       This includes any statements associated with the alleged 2016 restraining orders, the 2017 Miami Dade Police interview, and the 2017 FBI interview.

Complaint states the defamatory statements made by [D]efendant[,] which are related to his alleged abuse of [D]efendant and their child, among many others."[5] *Id.* ¶ 10.

From this, the Court ascertains Plaintiff is referring to paragraph 50 of the Amended Complaint—the only paragraph alluding to defamatory statements within the applicable timeframe— which states:

> Since the Date of Separation, [Defendant] has continuously lied to mutual acquaintances between the parties and many third parties by stating that [Plaintiff] physically and emotionally abused her and her children. Said lies are still being spread as of the date of this filing by [Defendant].

(**ECF No. 18 at 13 ¶ 50**).

Defamation claims are subject to the one-year statute of limitations set for tort actions under Article 1802 of the Puerto Rico Civil Code.[6] As the Magistrate Judge correctly points out, the Supreme Court of Puerto Rico has determined that "a cause of action for defamation accrues immediately upon the occurrence of the tortious act . . ." *Cacho-González v. Santarrosa*, 203 D.P.R. 215, 225 (P.R. 2019).[7] At this stage of the proceedings, the Court accepts Plaintiff's contention that Defendant has defamed Plaintiff throughout the year preceding the filing of the *initial* complaint.

---

[5]     Though Plaintiff does make specific *enough* objections for the Court to deduce what he takes issue with, his repeated use of the statements: "Everything stated within the Amended Complaint (Dkt. 18) is incorporated by reference as if stated within the present document" and "we incorporate by reference everything stated in Dkt. 29 and Dkt. 29-1 as [] as if written within the present document" is worth noting. (**ECF No. 44 at 2 ¶¶ 6-7**); *Id*. at 3 ¶¶ 11-12; *Id*. at 4 ¶¶ 17-18; *Id*. at 7 ¶ 27; *Id*. at 7 ¶ 30.  He is warned that "[a]n objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific. Frivolous, conclusive or general objections need not be considered by the district court." *Wilburn v. Lehman's Pipe & Steel*, 22-cv-195, 2024 WL 69348, at *1 (E.D. Tex. Jan. 5, 2024); *see also Cuza v. Day*, 22-cv-1354, 2023 WL 3270064, at *1 (E.D. La. May 5, 2023); *Brown v. City of Detroit*, 12-cv-13402, 2017 WL 2500995, at *1 (E.D. Mich. June 9, 2017); *Stallworth v. Tate*, 13-cv-0261, 2013 WL 5217620, at *2 (S.D. Ala. Sept. 16, 2013).

[6]     Puerto Rico amended its Civil Code in 2020. In this amendment, the general tort statute moved from Article 1802 to Article 1536. *See Quiles-Quiles v. United States*, 2021 WL 5762950, at *1 (D.P.R. Dec. 3, 2021). Because all of the events in this case, except one, took place prior to the amendment, the applicable provisions are the prior version of the Civil Code. The one event in which Article 1536 applies is the 2022 restraining order. Either way, courts applying Article 1536 rely heavily on Article 1802 caselaw. *See Morales- Díaz v. Roldán-Concepción*, 2023 WL 2351732, at *9 (D.P.R. Mar. 3, 2023).

[7]     Official translation can be found in case number 19-cv-01639 at ECF No. 94-1.

However, in Plaintiff's objection on this point, his statement that "[t]here is no doubt that defamatory statements made within a year of filing both the original *and amended complaint* are within the statute of limitations" is misguided. (**ECF No. 44 at 2 ¶ 10**) (emphasis added). Plaintiff is reminded that he was only permitted "as a matter of course" to amend his complaint to include events that occurred *up to* the filing of the *initial complaint*. Fed. R. Civ. P. 15(d). Any events thereafter required leave of the Court under Fed. R. Civ. P. 15(d). So, while the Court adopts the Magistrate Judge's finding that any defamatory statements made before November 14, 2021, are time-barred, the Court finds those made from November 14, 2021, until November 14, 2022, are actionable. Those allegedly made thereafter, however, are not.

With regards to whether the alleged actionable statements are sufficiently pled, "[c]laims for defamation under Puerto Rico law arise from three sources: (1) Section 8 of Article II of the Constitution of the Commonwealth of Puerto Rico; (2) the Libel and Slander Act of 1902, P.R. Laws Ann. Tit. 32, §§ 3141-3149; (3) Puerto Rico's General Tort Statute, Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. Tit. 31, § 5141." *Díaz v. Gazmey-Santiago*, 18-cv-1779, 2020 WL 1042041, at *2 (D.P.R. Mar. 3, 2020) (citations omitted). They encompass both libel and slander. *Id.* "Libel is defamation that comes in the written form." *Luis Santiago v. Santiago*, 731 F. Supp. 2d 202, 209 (D.P.R. 2010) (citation omitted). "Slander, on the other hand, takes place when the defamation is oral and, as with libel, all other elements of the defamation claim must be present." *Id.* (citation omitted). "They both constitute [an] . . . infringement in the interest of reputation by means of a communication which tends to hold the plaintiff up to hatred, contempt or ridicule, or to cause him to be shunned or avoided." *Id.* (citation omitted).

A private individual alleging defamation needs to prove: (1) that the information is false; (2) that the plaintiff suffered real damages; and (3) that the publication was negligent. *Díaz v. Gazmey-Santiago*, 18-cv-1779, 2020 WL 1042041, at *3 (D.P.R. Mar. 3, 2020) (citing *Ayala-Gerena v. Bristol Meyers-Squibb Company*, 95 F.3d 86, 98 (1st Cir. 1996)). "In addition to establishing these three elements, when a claim for defamation is brought pursuant to Article 1802, [the] plaintiff must prove that there is a causal relationship between the defamatory statements and the damages suffered." *Luis Santiago,* 731 F. Supp. 2d at 209.

As mentioned, Plaintiff alleges:

> Since the Date of Separation, [Defendant] has continuously lied to mutual acquaintances between the parties and many third parties by stating that [Plaintiff] physically and emotionally abused her and her children. Said lies are still being spread as of the date of this filing by [Defendant].

(**ECF No. 18 at 13 ¶ 50**). As a result, he alleges he has suffered reputational harm, missed work opportunities, and emotional damages. *Id.* at 17 ¶ 77. In other words, Plaintiff alleges Defendant published a false statement to mutual acquaintances and third parties, the result of which, is various forms of damages. Though he does not specifically mention the alleged statements were negligently made, "elements of a prima facie case do not need to be established in a complaint." *Farb v. Pérez-Riera*, 957 F. Supp. 2d 129, 142 (D.P.R. 2013) (finding the plaintiff's allegation that the defendants "attacked him in the press, falsely alleging that he was terminated for his mismanagement of the Trust and his administrative inability to perform his contractual duties" and that this "cause[d] harm to his professional and personal reputation" sufficiently pled for purposes of a 12(b)(6) motion). Accordingly, the Court **ADOPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's findings as to Plaintiff's defamation claims. Plaintiff's defamation

claims arising from the 2016 restraining orders, the 2017 Miami Dade Police interview, the 2017 FBI interview, and those made outside of the November 14, 2021, to November 14, 2022, applicable window, are thus **DISMISSED WITH PREJUDICE**.

### iii. Malicious Prosecution

Turning to Plaintiff's malicious prosecution claim, the Magistrate Judge concluded that although this claim was not time-barred—contrary to Defendant's assertion—it should not survive the instant Motion to Dismiss because Plaintiff fails to state a claim upon which relief can be granted. (**ECF No. 42 at 7**). The Court agrees.

The Supreme Court of Puerto Rico has "recognized the action for damages for malicious prosecution when the facts of the case show *extreme* circumstances in which [a] plaintiff is harassed with unjustified actions." *Giménez-Álvarez v. Silén-Maldonado*, 131 D.P.R. 91, 1992 JTS 95 (June 30, 1992) (emphasis added). To prevail on a malicious prosecution claim under Puerto Rico law, a plaintiff must show: "(1) that a criminal action was initiated or instigated by the defendant[]; (2) that the criminal action terminated in the favor of [the] plaintiff; (3) that [the] defendant[] acted with malice and without probable cause; and (4) that [the] plaintiff suffered damages." *Domínguez v. Figueroa-Sancha*, 373 F. Supp. 3d 333, 344 (D.P.R. 2019) (quoting *Díaz-Nieves v. United States*, 858 F.3d 678, 688 (1st Cir. 2017)).

To satisfy the first element, "a plaintiff must show that the defendant actively instigated the prosecution, and that it was not the authorities who on their own evaluation of the events decided to prosecute the plaintiff." *Negrón-Rivera v. Rivera-Claudio*, 204 F.3d 287, 290 (1st Cir. 2000) (internal citations and quotations omitted). The defendant must have been "actively instrumental in the initiation of the prosecution through some affirmative action by way of advice, petition, encouragement or pressure." *Rivera-*

*Marcano v. Normeat Royal Dane Quality*, 998 F.2d 34, 38 (1st Cir. 1993) (citation

omitted).

> To furnish information to a prosecuting attorney does not by itself
> constitute an instigation, since generally in those cases the efficient cause of
> the initiation of the prosecution has been the initiative and decision of the
> prosecuting attorney, in the exercise of his discretion, after having carried
> out the corresponding investigation.

*Id.*

However, the First Circuit in *Negrón-Rivera v. Rivera-Claudio*, in applying Puerto

Rico state law, stated:

> It is conceivable . . . that a defendant could 'instigate' an otherwise
> independent prosecution by knowingly misleading the authorities through
> the provision of incorrect or incomplete information.[8]

204 F.3d 287, 290 n. 1 (1st Cir. 2000).

In the instant matter, the Magistrate Judge concluded that Plaintiff did not

adequately plead that Defendant in fact instigated the criminal action against him, or that

she did so maliciously. (**ECF No. 42 at 7**). In so concluding, the Magistrate Judge cites

to Plaintiff's allegation that the Florida inmate approached law enforcement "in an

attempt to reach a deal to reduce his sentence . . . ." (**ECF No. 18 at 3 ¶ 21**). It was not

until after this first contact that Defendant allegedly gave a false statement to the Miami

Dade Police Department. *Id.* at 7 ¶¶ 43-46. The Magistrate Judge points out that

"furnishing information to a peace officer—judge, district attorney[,] or policeman—on

---

[8]          In so conceiving, the First Circuit cited to another First Circuit case which states:

> Unless the defendant is shown to have knowingly provided false information to the
> officials, "[t]he exercise of the officer's discretion makes the initiation of the prosecution
> his own and protects from liability the person whose information or accusation has led the
> officer to initiate the proceedings."

*Rivera-Marcano v. Normeat Royal Dane Quality*, 998 F.2d 34, 38 (1st Cir. 1993) (quoting *Torres v. Marcano*, 68 P.R.R. at 818-20 quoting 3 Restatement (First) of Torts § 653(2), cmt)).

certain fact [sic] does not constitute itself the instigation which is required as an element of this action.'" (**ECF No. 42 at 7**) (quoting *Raldiris v. Levitt & Sons of P.R.*, 3 P.R. Offic. Trans. 1087, 1092 (P.R. 1975)). Accordingly, he concluded Plaintiff failed to adequately plead that Defendant *instigated* the criminal action such that his malicious prosecution claim should survive the instant Motion. *Id.*

Plaintiff objects to this conclusion.[9] (**ECF No. 44 at 3 ¶ 13**). He states that Defendant "*had to have initiated the [C]omplaint* by contacting Miami law enforcement[] [because] [t]he inmate that allegedly provided the information to Miami police to prosecute [Plaintiff], when deposed[,] did not have knowledge of the information that he allegedly provided, which was only known by [] [D]efendant." (**ECF No. 44 at 3 ¶ 15**) (emphasis added). However, this allegation is not in the operative Amended Complaint, and appears for the first time in Plaintiff's Objection to the Report and Recommendation. *Id.* The Court may not consider this allegation, as "new arguments, or new known evidence, are to be excluded as reconsideration arguments originally available to movant at the time of the submission to the Magistrate Judge." *Entact Servs., LLC v. Rimco, Inc.*, 526 F. Supp. 2d 213, 223 (D.P.R. 2007) (citing *Rosario-Rivera v. Puerto Rico Aqueduct & Sewers Auth.*, 331 F. 3d 183, 193 (1st Cir. 2003).

The Court is thus left with Plaintiff's Amended Complaint which is devoid of any facts suggesting that Defendant was "actively instrumental in the initiation of the prosecution through some affirmative action by way of advice, petition, encouragement or pressure." *Rivera-Marcano v. Normeat Royal Dane Quality*, 998 F.2d 34, 38 (1st Cir.

---

[9]     Because the Court agrees with the Magistrate Judge that Plaintiff has not adequately alleged that Defendant instigated the criminal action such that his claim should survive, the Court will not address Plaintiff's objection as to the Magistrate Judge's finding on malice, the third element of a malicious prosecution claim.

1993) (citation omitted). He does not allege that she approached law enforcement herself in an effort to have him prosecuted, or that she continued to encourage or pressure law enforcement once the investigation commenced. Simply put, the only "affirmative action" he alleges is her participation in interviews with law enforcement, which does not constitute instigation. *Rivera-Marcano v. Normeat Royal Dane Quality*, 998 F.2d 34, 38 (1st Cir. 1993) (citation omitted). ("To furnish information to a prosecuting attorney does not by itself constitute an instigation . . . .").

Though Plaintiff does allege that Defendant lied during the investigation, which the First Circuit can *conceive* constitutes instigation for purposes of a malicious prosecution claim, he also explicitly states that the:

> prisoner (who has been in and out of prisons his entire life) [fabricated a story] in an attempt to reach a deal to reduce his sentence and *provoked* criminal charges against [Plaintiff] in Miami.

(**ECF No. 18 at 3 ¶ 21**) (emphasis added); *Negrón-Rivera*, 204 F.3d at 290 n. 1. Accordingly, by Plaintiff's own admission, it was the *prisoner's* actions that provoked—or instigated—the criminal charges against him, not Defendant's. The Court thus **ADOPTS** the Magistrate Judge's recommendation and **DISMISSES WITH PREJUDICE** Plaintiff's malicious prosecution claim.

### iv.    Request to Amend Complaint

In an attempt to resurrect his malicious prosecution claim, Plaintiff attaches an "Unsworn Statement Under Penalty of Perjury" to his Opposition stating that he has "circumstantial evidence that points towards the fact that [his] Florida criminal case . . . was not only instigated but also initiated by the [D]efendant . . ." (**ECF No. 29-1 at 1**). He also states that:

> [A] complaint should not be dismissed if it is subject to amendment that
> would cure dismissal. In regards to malicious prosecution, [Plaintiff] *has*
> *not had the benefit of conducting discovery to obtain further details*
> *regarding his criminal case* in the state of Florida.

(**ECF No. 29 at 9 ¶ 32**) (emphasis added).

A request for leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, "this does not mean . . . that a trial court must mindlessly grant every request for leave to amend." *Santiago v. WHM Carib, LLC*, 126 F. Supp. 3d 211, 214 (D.P.R. 2015) (citing *Nikitine v Wilmington Trust Co*., 715 F.3d 388, 390 (1st Cir. 2013) (internal quotations omitted). "Denial of leave to amend is proper when the request is characterized by undue delay, bad faith, futility, or the absence of due diligence on the movant's part." *Id*.

In his request for leave to amend, Plaintiff has failed to properly allege how an amendment at this juncture would save his claim. Apart from a conclusory allegation that he has "circumstantial evidence that points towards the fact that [his] Florida criminal case [] was not only instigated but also initiated by [] [D]efendant . . ." he has provided no additional facts that would support this contention. *Silverstrand Invs. v. AMAG Pharms., Inc.*, 707 F.3d 95, 108 (1st Cir. 2013) ("And because [the] [p]laintiffs failed to even generally describe their intended amendments, we do not know what sort of new facts they may allege now to cure the deficiencies in their twice-amended complaint."). It is not until his *objection* to the Magistrate Judge's R & R that Plaintiff provides *some* additional context as to why an amendment is necessary at this juncture, where he states:

> Evidence allegedly provided to the government of Florida to prosecute
> [Plaintiff] included false information and other details only known by
> [D]efendant, which points to the fact that [D]efendant had to have initiated
> the complaint by contacting Miami law enforcement. The inmate that
> allegedly provided the information to Miami police to prosecute [Plaintiff],

when deposed did not have knowledge of the information that he allegedly provided, which was only known by the [D]efendant.

(**ECF No. 44 at 3 ¶ 15**). However, as mentioned, "new arguments, or new known evidence, are to be excluded as reconsideration arguments originally available to movant at the time of the submission to the Magistrate Judge." *Entact Servs., LLC v. Rimco, Inc.*, 526 F. Supp. 2d 213, 223 (D.P.R. 2007) (citing *Rosario-Rivera v. Puerto Rico Aqueduct & Sewers Auth.*, 331 F. 3d 183, 193 (1st Cir. 2003).

Moreover, Plaintiff has provided no reasonable explanation as to why he did not allege in his initial complaint, or the operative Amended Complaint, that it was in fact Defendant who initiated the criminal action against him in Florida. *Silverstrand Invs. v. AMAG Pharms., Inc.*, 707 F.3d 95, 108 (1st Cir. 2013) ("Moreover, we have been provided with no explanation whatsoever as to why any additional facts Plaintiffs might add now were not included in the Complaint or in the two amendments preceding it."). Especially given the fact this point was raised by Defendant in her initial motion to dismiss, which was mooted by the filing of the operative Amended Complaint. (**ECF No. 13 at 17 ¶¶ 63-74**).

In fact, Plaintiff's only explanation is that he has not been given the benefit of discovery to obtain the relevant evidence. (**ECF No. 29 at 9 ¶ 32**). The Court will not grant Plaintiff leave to amend his Amended Complaint so that he may justify a fishing expedition "aimed at finding the cause of action that he failed to properly state in his [Amended] [C]omplaint." *Lahens v. AT&T Mobility Puerto Rico, Inc.*, 18-cv-1776, 2019 WL 1149923, at *3 (D.P.R. Mar. 11, 2019); *see also Artuso v. Vertex Pharmaceuticals, Inc.*, 637 F.3d 1, 8 (1st Cir. 2011) ("[A] plaintiff whose complaint does not state an actionable claim has no license to embark on a fishing expedition in an effort to discover

a cause of action."). Nor has he alleged he discovered this information throughout the course of discovery, which *may* have warranted leave to amend. *Torres-Estrada v. Cases*, 21-cv-1521, 2023 WL 8446470, at *7 (1st Cir. Dec. 6, 2023). Accordingly, the Court **DENIES** Plaintiff's request for leave to amend his Amended Complaint.

### B. Defendant's Objection

Turning to Defendant's objection, Defendant does not object to the Magistrate Judge's findings as it pertains to her Motion to Dismiss and Supplement to that Motion. (**ECF Nos. 19, 23**). Defendant does however, object to the Magistrate Judge's findings with regards to her request for attorney's fees and costs. (**ECF No. 43 at 1 ¶ 3**).

In denying Defendant's request for attorney's fees, the Magistrate Judge concluded that: (1) Defendant does not adequately develop the argument and thus, it is waived; and (2) even if it was properly developed, she is not entitled to attorney's fees regardless under the applicable law. (**ECF No. 42 at 9**). Defendant objects to these conclusions, contending that she is entitled to the attorney's fees and costs incurred for defending this action, which she now asserts are no less than $50,000. (**ECF No. 43 at 9(b)**).

The Court will deny Defendant's request for attorney's fees and costs, but for different reasons than those offered by the Magistrate Judge. Briefly, the imposition of costs and attorney's fees are subject to Local Rules for the United States District Court for the District of Puerto Rico ("Local Rules"). Specifically Local Rules 54(a) and 54(b) set forth when a request for costs and attorney's fees can be sought, which is within fourteen days of entry of judgment.[10] *See* Loc. R. 54(a)-(b). Simply put, under the Local Rules,

---

[10]    Local Rule 54(a) states, "[w]ithin fourteen (14) days of the entry of judgment, bills of costs shall be filed on forms available from the clerk, or on a substantially-similar filing, and shall include supporting memoranda."

Defendant's request is premature. *See González-Camacho v. Banco Popular de Puerto Rico*, 318 F. Supp. 3d 461, 507 (D.P.R. 2018), *aff'd in part, dismissed in part,* 17-cv-1973, 2020 WL 5543934 (1st Cir. July 21, 2020) (finding the defendant's request for fees as "premature as the request is to be made pursuant to the Local Rules for the United States District Court for the District of Puerto Rico, Local Rule 54(a) fees and [54](b) costs."). Entry of judgment has not been entered, as the action is ongoing. Accordingly, the Court **ADOPTS AS MODIFIED** the Magistrate Judge's recommendation. Defendant's request for attorney's fees is **DENIED WITHOUT PREJUDICE**.

### V.  Conclusion

For the reasons set forth above the Court **ADOPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report and Recommendation. (**ECF No. 42**). Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**, Defendant's request for attorney's fees is **DENIED WITHOUT PREJUDICE**, and Plaintiff's request to amend his Complaint is **DENIED. (ECF Nos. 19, 23, 29**).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of March, 2024.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDÁN**
**UNITED STATES DISTRICT JUDGE**

---

Local Rule 54(b) states, "[a]n application for attorney's fees in those cases for which have been contracted or in any case in which no notice of appeal has been filed shall be filed within fourteen (14) days of the expiration of the time for filing a timely appeal."